UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AZIZPOR, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>         Defendant. | Case No.: 23cv452-LL-DDL<br>      23cv461-LL-DDL<br><br>**ORDER GRANTING AMENDED JOINT MOTION TO CONSOLIDATE ACTIONS**<br><br>[ECF No. 44] |

   This matter is before the Court on the Amended Joint Stipulation and Motion of Plaintiffs David Azizpor, Artemio Angel, Daniel West, Edward Shubin, Robert Gregory, and Ronald Bluhm and Defendant Lowe's Home Centers, LLC ("Lowe's) to consolidate a related action (*Rodriguez et al. v. Lowe's Home Centers, LLC*, No. 23cv461-LL-DDL) ("*Rodriguez*"), designate a lead case, grant Plaintiffs leave to file a First Amended Complaint ("FAC") in the consolidated action, and set a deadline for Defendant to file a responsive pleading to the FAC, pursuant to Rule 42(a) and Rule 15(a) of the Federal Rules of Civil Procedure. ECF No. 44.

**I. BACKGROUND**

   On April 20, 2022, Defendant removed a class action case originally filed in the Superior Court of California for the Count of San Diego, *Merhi et al. v. Lowe's Home*

*Center, LLC* (No. 22cv545-LL-DDL) ("*Merhi*") alleging claims under the Fair Labor Standards Act ("FLSA"), the California Labor Code, the California Business and Professions Code, and the California Private Attorneys General Act of 2004 ("PAGA"). *See* 3:22-cv-00545-LL-MDD, ECF No. 1.

In *Merhi*, the individual claims of all plaintiffs other than Jeffrey Graham and Omar Reyes have been stayed and submitted to arbitration at this time—with the Court retaining jurisdiction solely to confirm or vacate any arbitration award—and only the non-individual PAGA claims of certain Plaintiffs remains pending before the Court. *See* 3:22-cv-00545-LL-MDD, ECF Nos. 22, 35, 42, 43.

Also in *Merhi*, Defendant Lowe's moved to compel *Merhi* plaintiffs Graham and Reyes to arbitrate their claims, and to dismiss or stay the non-individual (i.e., representative) portion of the PAGA claims on September 16, 2022. *See* 3:22-cv-00545-LL-MDD, ECF Nos. 23, 42, 43.

This case ("*Azizpor*") was initially filed in the Northern District of California on January 6, 2023, alleging violations of the California Labor Code, the FLSA, and the California Business and Professions Code by Defendant Lowe's. *See* ECF No. 1 (No. 3:23-cv-85, N.D. Cal.).

On January 31, 2023, plaintiffs in *Rodriguez* filed their case in the Northern District of California, bringing similar claims to those brought in *Merhi* and *Azizpor* against Defendant Lowe's. *See* No. 3:23-cv-00461-LL-DDL, ECF No. 1 (No. 3:23-cv-453, N.D. Cal.). Plaintiffs in *Rodriguez* filed an amended complaint on February 16, 2023, adding an additional plaintiff and asserting claims identical to those in *Azizpor*. *Id.*, ECF No. 15.

On February 22, 2023, the District Court for the Northern District of California related *Azizpor* and *Rodriguez* (the "Related Actions"). *See* ECF No. 26; No. 3:23-cv-00461, ECF No. 16.

On March 10, 2023, the Related Actions were transferred to the Southern District of California based on the pending earlier case in this district, *Merhi*, and the joint stipulation and motion of all parties in the Related Actions to transfer the cases to this district. ECF

No. 33; No. 3:23-cv-00461, ECF No. 25. The orders transferring the Related Actions further vacated pending deadlines and stayed Defendant's deadlines to file responsive pleadings in the Related Actions. *Id.*

## II. LEGAL STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure, which governs consolidation, provides that: "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also In re Oreck Corp. Halo Vacuum & Air Purified Mktg. & Sales Pracs. Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012) ("To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation" (internal quotation omitted)). The Court has broad discretion in ruling on a request for consolidation. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016) (citing *Invs. Rsch. Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)); *see also Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases.").

## III. DISCUSSION

The Parties in this action submit that the Related Actions should be consolidated into a single proceeding because they involve the exact same facts and circumstances, share many of the same causes of action, and would require the same legal analysis. ECF No. 44 at 4. The Parties assert that consolidation would increase judicial efficiency because it would avoid duplicative evidence and inconsistent adjudication, preclude waste, and alleviate potential burdens to the Court and the Parties. *Id.* The Parties agree that *Merhi* should not be consolidated with the Related Actions at this time due to the pending motion in that case, and that *Azizpor* should be designated as the lead case in the consolidated action. *Id.* The Parties further agree that Plaintiffs may file a FAC that merges the causes of action in the Related Actions such that it becomes the operative complaint in the

1  consolidated proceeding, and that such stipulation shall not limit or affect Defendant's
2  ability to file a motion in response to the FAC, including a motion to dismiss or any other
3  responsive pleading. *Id.* at 4-5. They also agree "that the putative class and collective in
4  the FAC will be limited to non-exempt employees of Lowe's in California who did not
5  agree to arbitrate all claims arising out of their employment with Lowe's on an individual
6  basis (and that individuals who agreed to arbitrate their claims will be excluded from the
7  putative class and collective)[.]" *Id.* at 5.

8      Upon review of the motion, the record, and the applicable law, the Court finds that
9  consolidation is appropriate. Review of the two operative complaints show that both cases
10 are asserted against the same defendant, Lowe's Home Centers, LLC, and both allege (1)
11 violations of the FLSA for failure to pay overtime, and violations of the California Labor
12 Code and for failure to: (2) provide meal periods; (3) provide rest periods; (4) pay overtime;
13 (5) maintain accurate records; (6) pay all wages when due; (7) provide accurate, itemized
14 wage statements; (8) reimburse work expenses; (9) timely pay wages upon termination;
15 and (10) unfair business practices on behalf of the Plaintiffs and on behalf of all others
16 similarly situated. *See* ECF Nos. 1, 24; No. 3:23-cv-00461, ECF Nos. 15, 16.

## IV. CONCLUSION

    The aforementioned considerations demonstrate that consolidation is appropriate, as it would allow the Court and the parties to proceed in the most efficient manner. There are no indications that consolidation would cause delay, confusion, or prejudice.

21 \\\
22 \\\
23 \\\
24 \\\
25 \\\
26 \\\
27 \\\
28 \\\

Accordingly:

1. The Court **GRANTS** the Parties' Amended Joint Motion [ECF No. 44] and consolidates the Related Actions: *Azizpor et al. v. Lowe's Home Centers, LLC*, 3:23-cv-00452 and *Rodriguez et al. v. Lowe's Home Centers, LLC*, 3:23-cv-00461 and designates *Azizpor* as the lead case.

2. All further filings shall be made in *Azizpor*;

3. Plaintiffs may file a First Amended Complaint in this consolidated proceeding that merges the causes of action alleged in the operative complaints of the Related Actions into a single operative complaint no later than **June 23, 2023**;

4. Defendant must file a responsive pleading no later than twenty-one days after Plaintiffs file their First Amended Complaint; and

5. The Parties' earlier-filed joint motion for consolidation [ECF No. 43] is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated:  June 9, 2023

Honorable Linda Lopez
United States District Judge