1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

DAVID AZIZPOR, et al.,

Plaintiffs,

v.

LOWE'S HOME CENTERS, LLC, et al.,

Defendants.

Case No.: 23cv452-LL-DDL
[*consolidated with* 23cv461-LL-DDL]

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
DISMISS**

**[ECF No. 53]**

19

20

21

22

23

24

25

26

27

28

This matter is before the Court on the Motion to Dismiss filed by Defendant Lowe's Home Centers, the only named defendant in this case. ECF No. 53. Plaintiffs filed their response in opposition to the Motion [ECF No. 55], and Defendant filed its reply [ECF No. 56]. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Upon review of the parties' submissions and the applicable law, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss for the reasons discussed in this Order.

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    BACKGROUND

Plaintiffs David Azizpor, Artemio Angel, Daniel West, Robert Gregory, Edward Shubin, and Ronald Bluhm filed a complaint against Defendant on January 6, 2023, initiating this action, in the United States District Court for the Northern District of California. ECF No. 1. On January 31, 2023, Plaintiffs Juan Rodriguez, Alexandria Blackwell, Bryant Hernandez, Charlene Cannon,[1] Eric Greimann, Isabella Islas, Lisa Leon, and Skymeisha Glamours filed separate complaint against Defendant in the Northern District. *See* No. 3:23cv461-LL-DDL ("*Rodriguez*"), Dkt. No. 1. The *Rodriguez* Plaintiffs filed an amended complaint on February 16, 2023, apparently correcting Plaintiff Skymeisha Glamours' name to Skymeisha Butts, and adding Plaintiff Oscar Garcia. *Id.*, Dkt. No. 15. Upon joint stipulation by the parties, the court ordered Plaintiffs Blackwell, Butts, Connon, Garcia, Hernandez, and Leon to arbitrate their claims on an individual basis and dismissed Plaintiff Islas on March 1, 2023. *Id.*, Dkt. No. 20. On the same day, the court ordered Plaintiffs Azizpor, Angel, Gregory, Shubin, and West to individual arbitration upon joint stipulation by the parties in this case. ECF No. 30. Both cases were subsequently transferred to the Southern District of California in March 2023, and this Court consolidated the cases on June 9, 2023. ECF No. 45. Plaintiffs filed their first amended consolidated class complaint on June 23, 2023 [ECF No. 46], and the Court dismissed Plaintiff Butts on the joint motion of the parties on June 29, 2023 [ECF No. 48]. Plaintiffs filed the operative Second Amended Complaint on August 4, 2023, which added Plaintiff Natalie Sandoval to this action. ECF No. 52 ("SAC"). The Court granted the parties' joint motion to submit Plaintiff Sandoval's claims to individual arbitration on October 26, 2023. ECF No. 57. Following that order, only the claims of Plaintiffs Bluhm, Greimann, and Rodriguez remain before the Court.

---

[1] Plaintiffs appear to alternate between "Cannon" and "Connon." *See, e.g.*, *Rodriguez*, Dkt. Nos. 1, 15, 19, 20, 24 (identifying Plaintiff Charlene Cannon); ECF No. 54; *but cf.* ECF Nos. 52, 55 (identifying Plaintiff Charlene Connon).

23cv452-LL-DDL
23cv461-LL-DDL

The SAC alleges that Defendant: (1) violated of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") by failing to pay overtime compensation; and violated California law by (2) failing to provide meal periods as provided by Labor Code sections 226.7, 512(a), and 1198; (3) failing to provide rest periods as provided by Labor Code sections 226.7(c) and 1198; (4) failing to pay overtime as provided by Labor Code sections 510 and 1194; (5) failing to pay wages when due as provided by Labor Code section 204; (6) failing to provide accurate itemized wage statements as provided by Labor Code section 226(a); (7) failing to reimburse work expenses as provided by Labor Code section 2802; (8) failure to timely pay wages upon termination as provided by Labor Code sections 201-203; and (9) committing unfair, unlawful, and fraudulent business practices as proscribed by the California Unfair Business Practices Act. *Id.* at 1. On August 25, 2023, Defendant filed the instant Motion to dismiss claims 1, 4, 5, 7, and 9 of the SAC. ECF No. 53.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the Court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiff has the burden of establishing that this Court has subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Challenges to subject matter jurisdiction may be facial or factual. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). Facial challenges assert that the allegations are insufficient to invoke federal jurisdiction, while factual challenges dispute the truth of legally sufficient allegations. *Id.* (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). In a facial challenge, the Court accepts a plaintiff's allegations as true and draws all reasonable inferences in their favor. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)) (noting that facial attacks are resolved using the same standard as a Rule 12(b)(6) motion to dismiss). However, if a defendant brings a factual challenge, usually by introducing evidence outside the pleadings, the plaintiff must support their jurisdictional allegations with competent proof under the same evidentiary standard that governs summary judgment evidence. *Id.* (citations omitted).

23cv452-LL-DDL
23cv461-LL-DDL

If the Court has jurisdiction to address the merits, a complaint may be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). Nonetheless, courts are not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III.   DISCUSSION

Defendant's Motion to Dismiss, brought under both Rule 12(b)(1) and 12(b)(6), contends that: (1) Plaintiffs have not sufficiently alleged their claims under the first, fourth, fifth, seventh, and ninth causes of action; and (2) lack standing to seek injunctive relief under their ninth cause of action under the UCL. ECF No. 53 at 13.

### A.   Overtime and Reimbursement Claims (Counts 1, 4, & 7)

The parties' dispute about the sufficiency of Plaintiffs' overtime (Counts 1 and 4) allegations hinges on the application of *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014) (holding that "a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week."); *see also*

1  *Marquez v. Toll Glob. Forwarding*, 804 F. App'x 679, 680 (9th Cir. 2020) (applying

2  *Landers* in the context of wage and hour claims under California law). Defendant contends

3  that Plaintiffs' claims for overtime, untimely payment of wages, failure to reimburse

4  business expenses, and restitution pursuant to the UCL "are not supported by sufficient

5  factual allegations, or otherwise fail as a matter of law even accepting the (few) factual

6  allegations they plead as true for purposes of this Motion." ECF No. 53 at 14.

7        As stated by the Ninth Circuit Court of Appeals in *Landers*, the circuit courts agree

8  that under *Twombly* and *Iqbal*, Rule 8 does not require wage and hour plaintiffs "to plead

9  in detail the number of hours worked, their wages, or the amount of overtime owed to state

10  a claim for unpaid minimum wages or overtime wages." 771 F.3d at 642. At the time

11  *Landers* was decided, the Ninth Circuit expressed that no consensus existed "on what facts

12  must be affirmatively pled," and examined the treatment of wage and hour claims in the

13  First, Second, Third and Eleventh Circuit Courts. *Id.* at 642-44. In doing so, it adopted the

14  rationale of the First, Second, and Third Circuits, stating that "in order to survive a motion

15  to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked

16  more than forty hours in a given workweek without being compensated for the overtime

17  hours worked[.]" *Id.* at 644.

18        District courts in the Ninth Circuit have applied *Landers* to hold both that: (1) a

19  plaintiff alleging wage and hour claims must plead a specific workweek in which a

20  defendant committed a labor code violation, *see Ritenour v. Carrington Mortg. Servs. LLC*,

21  228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017); *Shann v. Durham Sch. Servs., L.P.*, 182 F.

22  Supp. 3d 1044, 1047 (C.D. Cal. 2016); *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d

23  928, 942 (N.D. Cal. 2016); *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1191 (N.D.

24  Cal. 2014); and (2) a plaintiff need not plead facts about a specific workweek where alleged

25  violations occurred, *see Tinnin v. Sutter Valley Med. Found.*, 647 F. Supp. 3d 864, 870

26  (E.D. Cal. 2022); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1006 (N.D. Cal. 2016);

27  *Varsam v. Lab Corp. of Am.*, 120 F. Supp. 3d 1173, 1178 (S.D. Cal. 2015). Likewise, in

28  two non-precedential cases, the Ninth Circuit reached slightly different conclusions about

1   how to apply *Landers*. *See Boyack v. Regis Corp.*, 812 F. App'x 428, 431 (9th Cir. 2020)

2   (requiring facts alleging specific workweeks in which violations occurred); *Boon v. Canon*

3   *Bus. Sols., Inc.*, 592 F. App'x 631, 632 (9th Cir. 2015) (finding it sufficient for plaintiff to

4   plead that there were "tasks for which he was not paid and alleged that he regularly worked

5   more than eight hours in a day and forty hours in a week"). Outside of the Ninth Circuit,

6   the circuit courts to address this issue have likewise reached slightly different results. *See*

7   *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017) ("a plaintiff must provide

8   sufficient factual allegations to support a reasonable inference that he or she worked more

9   than forty hours in at least one workweek and that his or her employer failed to pay . . . for

10   those overtime hours"); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106,

11   114 (2d Cir. 2013) ("a plaintiff must sufficiently allege 40 hours of work in a given

12   workweek as well as some uncompensated time in excess of the 40 hours"); *Davis v.*

13   *Abington Mem'l Hosp.*, 765 F.3d 236, 243-43 (3d Cir. 2014) (applying *Lundy*); *Manning*

14   *v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 46-47 (1st Cir. 2013) (applying *Lundy*); *but cf. Pruell*

15   *v. Caritas Christi*, 678 F.3d 10, 13-15 (1st Cir. 2012) (noting that specific examples of

16   unpaid time would support the plausibility of a claim for relief).

17         However, both *Landers* and *Pruell* were careful to point out that "most (if not all) of

18   the detailed information concerning a plaintiff-employee's compensation and schedule is

19   in the control of the defendants." *Landers*, 771 F.3d at 645 (citing *Pruell*, 678 F.3d at 15),

20   and that whether a complaint states a plausible claim for relief is context specific. *Id.* (citing

21   *Lundy*, 711 F.3d at 114); *Pruell*, 678 F.3d at 15 (citing *Iqbal*, 556 U.S. at 679). In declining

22   to hold that an overtime claim under the FLSA requires an approximation of overtime hours

23   worked to state a plausible claim for relief, the court in *Landers* explained that "a plaintiff

24   may establish a plausible claim by estimating the length of her average workweek during

25   the applicable period and the average rate at which she was paid, the amount of overtime

26   wages she believes she is owed, or any other facts that will permit the court to find

27   plausibility." 771 F.3d at 645 (citing *Pruell*, 678 F.3d at 14).

28         With respect to Plaintiffs' overtime claims, the SAC states that:

1
2
3
4

> As a matter of course during all or a substantial portion of the Class Period, Plaintiffs and certain member[s] of the Class were regularly, uniformly, and systematically required by Defendant to work in excess of eight hours per day, and/or required to work in excess of forty hours per week without being paid the requisite overtime wages[.] [ECF No. 52 ¶ 35];

5
6
7
8

> . . . in many instances . . . their shifts exceeded eight hours a day or 40 hours in a week. Whenever Plaintiffs and Class Members exceeded eight hours per day or forty hours per week, Defendant's managers would often pressure them to clock out while they are/were still required to complete tasks assigned by Defendant. [*id.* ¶ 36];

9
10

> Collective members regularly work or have worked in excess of forty hours during a workweek. [*id.* ¶ 63];

11
12
13

> Plaintiffs, and certain members of the Class, were regularly and consistently required to work overtime during the Class Period but were not paid for all overtime hours worked and were not paid at the correct overtime rate of pay. [*id.* ¶ 115];

14
15
16

> Throughout the Class Period, Plaintiffs and certain members of the Class worked in excess of 8 hours in a workday and/or 40 hours in a workweek. [*id.* ¶ 116]; and

17
18
19

> . . . Plaintiffs and the certain Class Members would routinely exceed eight-hour shifts and forty-hour workweeks and would not be paid the required overtime pay. [*id.* ¶ 118].

20
21
22
23
24
25
26
27
28

The Court finds that Plaintiffs' allegations regarding overtime work are more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. The SAC clearly alleges that on numerous specific workweeks throughout the class period, Plaintiffs and other class members worked forty hours of work and additional uncompensated time in excess of those forty hours. Plaintiffs "need not identify precisely the dates and times she worked overtime." *Landers*, 771 F.3d at 644 (describing the Third Circuit's treatment of overtime claims in *Davis* and expressing agreement with such treatment). In the context of the other facts alleged by Plaintiffs in their complaint, the Court finds that Plaintiffs have stated a plausible claim for relief under

1    the FLSA and California Labor Code for failure to pay overtime wages. Defendant's

2    Motion is therefore **DENIED** with respect to Plaintiffs' first and fourth causes of action.

3                    **B.      Untimely Payment of Wages (Count 5)**

4         Plaintiffs' SAC alleges that Defendant violated section 204 of the California Labor

5    code because "Plaintiffs and the Class Members were not paid for all of their wages, for

6    each and every hour worked, including inter alia time worked during rest and meal breaks,

7    time worked off the clock and overtime hours, as alleged herein, during every single pay

8    period during the term(s) of their employment." ECF No. 52 ¶ 125. Defendant argues that

9    this allegation fails to state a claim as a matter of law because "section 204 only requires

10   that employers timely pay wages at specific intervals and does not address the amount of

11   wages to be paid." ECF No. 56 at 11. Plaintiffs do not disagree that their claims under

12   Count 5 are premised on the underpayment of wages, and instead argue that the plain

13   language of section 204 holds "that it does in fact regulate the amount of wages to be paid,

14   and that violations of this section can be premised on the underpayment of wages." ECF

15   No. 55 at 15.

16        In relevant part, section 204 states that "[a]ll wages, . . . earned by any person in any

17   employment are due and payable twice during each calendar month, on days designated in

18   advance by the employer as the regular paydays." Cal. Lab. Code. § 204. However, when

19   read in context with the purpose of the statute, "the reference to 'All wages' in section 204,

20   subdivision (a) pertains to the timing of wage payments and not to the manner in which an

21   employer ascertains each employee's worktime." *See's Candy Shops, Inc. v. Superior Ct.*,

22   148 Cal. Rptr. 3d 690, 702 (Ct. App. 2012) (citations omitted). "Fundamentally, the

23   question whether *all* wages have been paid is different from the issue of how an employer

24   calculates the number of hours worked and thus *what wages are owed*." *Id.* at 703. Plaintiffs

25   do not allege that they did not receive bimonthly wage payments as provided for by section

26   204, and instead allege that they "were not paid for all of their wages" and that "Plaintiffs

27   and Class Members have been deprived of wages in amounts to be determined according

28   to proof at trial[.]" ECF No. 52 ¶ 126. Plaintiffs' argument is foreclosed by the controlling

1    case law on this issue. Accordingly, Plaintiffs' claims under Count 5 of the SAC are

2    **DISMISSED WITH PREJUDICE** and without leave to amend.

3              **C.    Failure to Reimburse Work Expenses (Count 7)**

4              Similar to the above discussion regarding the sufficiency of Plaintiffs' overtime

5    allegations under *Landers*, Defendant contends that the parties' dispute about Plaintiffs'

6    claims that Defendant failed to reimburse Plaintiffs for work-related expenses under

7    California Labor Code section 2802(a) fails because the SAC fails to include more specific,

8    non-conclusory facts about the work-related expenses that occurred. ECF No. 53 at 16.

9              Section 2802(a) of the California Labor Code provides that "[a]n employer shall

10   indemnify his or her employee for all necessary expenditures or losses incurred by the

11   employee in direct consequence of the discharge of his or her duties, or of his or her

12   obedience to the directions of the employer." To state a claim under section 2802(a), a

13   plaintiff must state that "(1) the employee made expenditures or incurred losses; (2) the

14   expenditures or losses were incurred in direct consequence of the employee's discharge of

15   his or her duties, or obedience to the directions of the employer; and (3) the expenditures

16   or losses were necessary." *Gallano v. Burlington Coat Factory of California, LLC*, 282

17   Cal. Rptr. 3d 748, 753 (Ct. App. 2021). "To show liability under section 2802, an employee

18   need only show that he or she was required to use a personal cell phone to make work-

19   related calls, and he or she was not reimbursed." *Cochran v. Schwan's Home Serv., Inc.*,

20   176 Cal. Rptr. 3d 407, 413 (Ct. App. 2014) (acknowledging that an assessment of damages

21   may require further detail than the facts necessary to determine liability).

22             Defendant relies on *Herrera v. Zumiez*, 953 F.3d 1063 (9th Cir. 2020) to assert that

23   Plaintiffs must allege specific and non-conclusory facts both about what costs were

24   incurred and about whether such alleged costs were necessary. "Whether [Plaintiffs]

25   alleged sufficient facts to state a claim for reimbursement of phone expenses turns on

26   whether it was necessary that the employees make calls and do so with phones that were

27   not provided by the company." *Herrera*, 953 F.3d at 1078.

28

23cv452-LL-DDL
23cv461-LL-DDL

Although Plaintiffs state that Defendant required them "to use their personal cell phones to perform their job duties each workday" [ECF No. 52 ¶ 55], "to routinely use their personal internet access or their home internet access to connect with Defendant's portals and to perform their assigned job duties" [*id.* ¶ 56], and "to use their personal vehicles to commute to different Lowe's locations for training" [*id.* ¶ 57], Plaintiffs have not alleged, for instance, that Lowe's failed to provide alternative means of performing those job duties. As such, the Court finds that the allegations that Defendant required them to use their personal cell phones, personal internet access, and personal vehicles lack are conclusory and fails to state a plausible claim for relief under section 2802(a) even when construed in the light most favorable to Plaintiffs.

Accordingly, the Court **DISMISSES** Plaintiffs' claims under section 2802(a) of the California Labor Code. Because further factual allegations may cure the inadequacy of the pleadings with respect to Plaintiffs' failure to reimburse work expenses claims, Plaintiffs are **GRANTED** leave to amend their claims brought under Count 7.

### D.     UCL Restitution Claim (Count 9)

Plaintiffs' ninth cause of action is brought under California Business and Professions Code section 17200-17210 (California's Unfair Competition Law or "UCL"). ECF No. 52 at 34-35. Plaintiffs allege that Defendant engaged in unlawful, unfair, and fraudulent practices as described in the SAC, and seek "disgorgement of all profits and monies obtained by Defendants on the benefits withheld, restitution for all monetary benefits payable to Plaintiffs and Class Members but unreasonably and unfairly withheld, as well as a permanent injunction, enjoining such Defendants from the conduct alleged herein." *Id.* ¶¶ 162, 168. Defendant argues Plaintiffs cannot seek relief under the UCL because they expressly claim entitlement to numerous other remedies at law and because Plaintiffs lack standing to pursue injunctive relief as former employees. ECF No. 53 at 18-21.

"A UCL action is equitable in nature" and "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 944 (Cal. 2003) (internal citations and quotations omitted). Non-restitutionary

1    disgorgement is not available under the UCL. *Id.* at 946. "In order to entertain a request for

2    equitable relief, a district court must have equitable jurisdiction, which can only exist under

3    federal common law if the plaintiff has no adequate legal remedy." *Guzman v. Polaris*

4    *Indus.*, 49 F.4th 1308, 1313 (9th Cir. 2022) (citing *Sonner v. Premier Nutrition Corp.*, 971

5    F.3d 834, 843-44 (9th Cir. 2020). Even where an adequate legal remedy is no longer

6    available, failure to timely pursue such a remedy cannot confer equitable jurisdiction on a

7    federal court. *See Guzman*, 49 F.4th at 1312. Thus, to plead a plausible claim for equitable

8    relief under the UCL, Plaintiffs must allege the absence of an adequate remedy at law. *See*

9    *Fierro v. Cap. One, N.A.*, 656 F. Supp. 3d 1121, 1131 (S.D. Cal. 2023).

10          Plaintiffs contend that they may plead their UCL claim in the alternative to their

11    claim for damages. ECF No. 55 at 19. And this Court agrees that nothing in *Sonner*

12    precludes Plaintiffs from pleading alternate claims as provided by Rule 8 of the Federal

13    Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(3). However, alternate claims must also

14    be adequately pled. *See Sonner*, 971 F.3d at 844 (noting that the operative complaint filed

15    to allege that Sonner lacked an adequate legal remedy); *Barling v. Apple Inc.*, No. 22-

16    16164, 2023 U.S. App. LEXIS 24257, at *5-6 (9th Cir. Sept. 13, 2023) ("Plaintiffs were

17    obligated to allege that they had no adequate legal remedy in order to state a claim for

18    equitable relief, and they have failed to explain how the money they seek through

19    restitution is different than the money they seek as damages"). Plaintiffs do not assert that

20    they have pleaded that their legal remedies are inadequate or explained how equitable relief

21    they seek in this case would redress an injury that damages would not. Therefore, Plaintiffs

22    have failed to adequately plead a claim for equitable relief under the UCL. Simply asserting

23    their equitable claims in the alternative does not satisfy their burden to state a plausible

24    claim for relief.

25          The Defendant also argues that, as former employees, Plaintiffs lack standing to

26    pursue injunctive relief under the UCL. ECF No. 53 at 22. Plaintiffs do not meaningfully

27    address this argument with respect to injunctive relief, and instead assert that they have

28

1   sufficiently alleged injuries related to their employment and that UCL claims are not

2   limited to employees. ECF No. 55.

3        The Court notes that injunctive relief is a traditional equitable remedy, *Mertens v.*

4   *Hewitt Assocs.*, 508 U.S. 248, 255 (1993), and the Court's discussion of Plaintiffs' failure

5   to adequately plead the lack of legal remedy applies with equal force to Plaintiffs' claims

6   for injunctive relief under the UCL. Furthermore, the Court finds persuasive Defendant's

7   arguments that Plaintiffs may not seek injunctive relief under the UCL as former employees

8   because a "former employee has no claim for injunctive relief addressing the employment

9   practices of a former employer absent a reasonably certain basis for concluding he or she

10  has some personal need for prospective relief." *Bayer v. Neiman Marcus Grp., Inc.*, 861

11  F.3d 853, 864 (9th Cir. 2017). Plaintiffs cannot be reasonably expected to benefit from

12  prospective relief ordered against Defendant for its employment practices, and therefore

13  may not seek injunctive relief. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364-65

14  (2011).

15       As Plaintiffs have failed to allege sufficient facts supporting the exercise of equitable

16  jurisdiction, the Court **DISMISSES** their claims under the UCL. As in *Fierro*, although

17  "[i]t is hard to fathom how Plaintiff[s] can correct this deficiency considering the Court has

18  greenlit several substantive claims that provide for damages[,]" 656 F. Supp. 3d at 1131,

19  Plaintiffs are **GRANTED LEAVE TO AMEND** their UCL claim with additional facts

20  supporting the absence of an adequate legal remedy. Plaintiffs' claim for injunctive relief

21  under the UCL is denied without leave to amend.

22      **IV.   CONCLUSION**

23       In accordance with the above, the Court **GRANTS IN PART AND DENIES IN**

24  **PART** Defendant's Motion to Dismiss. ECF No. 53.

25       The Court hereby **ORDERS** that:

26       1.    Plaintiffs' claims for untimely payment of wages (Count 5); failure to

27  reimburse work expenses (Count 7); and for equitable relief under the UCL (Count 9) are

28  **DISMISSED** for failure to state a claim;

1    2.    The remainder of Defendant's Motion is **DENIED**;

2    3.    Plaintiffs are **GRANTED** leave to amend with respect to their claims under

3    Counts 7 and 9 to cure the deficiencies identified in this Order; and

4    4.    Plaintiffs may file an amended complaint no later than **21 days** after the date

5    of this Order.

6    If Plaintiffs file an amended complaint, Defendant must respond within the time

7    prescribed by Rule 15 of the Federal Rules of Civil Procedure. If Plaintiffs do not file an

8    amended complaint by the above date, the case will proceed on Plaintiffs' surviving claims,

9    and Defendant's answer will be due **14 days** after the expiration of Plaintiffs' deadline to

10    file an amended complaint.

11    **IT IS SO ORDERED**.

12    Dated:  March 29, 2024

13

14             Honorable Linda Lopez
               United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13