GIBSON, DUNN & CRUTCHER LLP
MICHELE L. MARYOTT, SBN 191993
  MMaryott@gibsondunn.com
KATIE M. MAGALLANES, SBN 300277
  KMagallanes@gibsondunn.com
3161 Michelson Drive
Irvine, California 92612-4412
Telephone:  949.451.3800
Facsimile:   949.451.4220

GIBSON, DUNN & CRUTCHER LLP
KATHERINE V.A. SMITH, SBN 247866
  KSmith@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone:  213.229.7000
Facsimile:   213.229.7520

GIBSON, DUNN & CRUTCHER LLP
JOSEPH R. ROSE, SBN 279092
  JRose@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Telephone:  415.393.8200
Facsimile:   415.393.8306

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

DAVID AZIZPOR, an individual;
ARTEMIO ANGEL, an individual;
DANIEL WEST, an individual;
EDWARD SHUBIN, an individual;
ROBERT GREGORY, an individual; and
RONALD BLUHM, an individual; each
as an individual and on behalf of all others
similarly situated,

        Plaintiffs,

      v.

LOWE'S HOME CENTERS, LLC, a
North Carolina corporation; and DOES 1-
50 inclusive,

        Defendant.

CASE NO. 3:23-cv-00452-LL-MMP

**JOINT MOTION TO APPROVE INDIVIDUAL SETTLEMENT AND VOLUNTARILY DISMISS CASE**

Date Action Filed:      January 6, 2023

Gibson, Dunn &
Crutcher LLP

In accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and Rule 7.2 of the Local Rules of the United States District Court for the Southern District of California, Plaintiffs and Defendant Lowe's Home Centers, LLC stipulate as follows:

WHEREAS, on January 6, 2023, Plaintiffs David Azizpor, Artemio Angel, Daniel West, Edward Shubin, Robert Gregory, and Ronald Bluhm filed their Class, Collective, and Representative Complaint in the United States District Court for the Northern District of California (Dkt. 1);

WHEREAS, on January 31, 2023, Plaintiffs Juan Rodriguez, Alexandria Blackwell, Bryant Hernandez, Charlene Cannon, Eric Greimann, Isabella Islas, Lisa Leon, and Skymeisha Butts, also represented by Plaintiffs' counsel in this action, filed a duplicative Class, Collective, and Representative Complaint in the case captioned *Rodriguez v. Lowe's Home Centers, LLC*, Case No. 3:23-cv-00453-MMC (N.D. Cal.) ("*Rodriguez*");

WHEREAS, on February 28, 2023, the *Azizpor* parties filed a Joint Stipulation to Submit Certain Claims to Individual Arbitration, in which Plaintiffs Azizpor, Angel, West, Shubin, and Gregory stipulated to submit their individual claims to arbitration, and agreed the Court should retain jurisdiction solely to confirm/vacate any arbitration award and therefore requested a stay as to those claims (Dkt. 27), which was granted by the Court on March 1, 2023 (Dkt. 30);

WHEREAS, on February 28, 2023, the *Rodriguez* parties filed a Joint Stipulation to Submit Certain Claims to Individual Arbitration, in which Plaintiffs Blackwell, Cannon, Hernandez, Leon, Butts, and Garcia stipulated to submit their individual claims to arbitration, and agreed the Court should retain jurisdiction solely to confirm/vacate any arbitration award and therefore requested a stay as to those claims, and in which Plaintiff Islas agreed to voluntarily dismiss her claims, which was granted by the *Rodriguez* Court on March 1, 2023;

WHEREAS, on March 10, 2023, the Court granted the *Azizpor* parties' Joint Stipulation to Transfer Action, in which the parties agreed to transfer this action from

Gibson, Dunn &
Crutcher LLP

CASE NO. 3:23-CV-00452-LL-MMP

the Northern District of California to this Court (Dkt. 33);

WHEREAS, on June 7, 2023, the parties filed a Joint Stipulation and Motion to Consolidate Actions, requesting that this action be consolidated with the *Rodriguez* action (Dkt. 44);

WHEREAS, on June 9, 2023, the Court issued an Order approving the parties' Joint Motion, consolidating this action with *Rodriguez*, and designating this action as the lead case such that all further filings were to be made in this action (Dkt. 45);

WHEREAS, on June 23, 2023, Plaintiffs Ronald Bluhm, Juan Rodriguez, and Eric Greimann, the only individuals who had not submitted their claims to individual arbitration, filed their First Amended Consolidated Class, Collective, and Representative Complaint (Dkt. 46);

WHEREAS, on June 30, 2023, the Court issued an Order granting the parties' Joint Motion to Dismiss Plaintiff Skymeisha Butts, in which the parties agreed to voluntarily dismiss Plaintiff Butts from this action (Dkt. 48);

WHEREAS, on August 4, 2023, Plaintiffs filed their Second Amended Consolidated Class, Collective, and Representative Complaint, which added the individual claims of Natalie Sandoval to this action (Dkt. 52);

WHEREAS, on March 29, 2024, the Court issued an Order Granting in Part and Denying in Part Lowe's Motion to Dismiss, ordering that (1) Plaintiffs' claims for untimely payment of wages (Count 5), failure to reimburse work expenses (Count 7), and equitable relief under the UCL (Count 9), are dismissed for failure to state a claim, and (2) Plaintiffs may file an amended complaint (Dkt. 58);

WHEREAS, on October 7, 2024, Plaintiffs filed their operative Third Amended Consolidated Class, Collective, and Representative Complaint (Dkt. 69);

WHEREAS, on October 15, 2024, the parties filed a Joint Motion to Stay Case Pending Settlement, notifying the Court that the parties reached a settlement in principle that would fully resolve this matter and requesting a stay of all proceedings pending the settlement (Dkt. 70);

WHEREAS, on October 18, 2024, the Court issued an Order (1) vacating all deadlines, including Lowe's responsive pleading deadline until at least November 7, 2024, and (2) ordering the parties to submit a joint motion for approval of the settlement or a status report by November 7, 2024 (Dkt. 71);

WHEREAS, on December 20, 2024, the parties finalized a settlement whereby the parties agreed to resolve all claims asserted in this action on an individual basis, including the putative class claims brought by Plaintiffs Bluhm, Rodriguez, and Greimann;

WHEREAS, the parties have also finalized a long form agreement memorializing the terms of the settlement as to Plaintiffs Bluhm, Rodriguez, and Greimann, including as to their individual claims brought pursuant to the Fair Labor Standards Act, which is attached to this Joint Motion as **Exhibit A** (the "Individual FLSA Settlement");

WHEREAS, the parties respectfully request the Court issue an order approving the Individual Settlement, and dismissing the individual claims of Plaintiffs Bluhm, Graham, and Greimann with prejudice;

WHEREAS, the parties have also reached an agreement to resolve the individual claims brought by Plaintiffs Azizpor, Angel, West, Shubin, Gregory, Blackwell, Hernandez, Cannon, Leon, and Sandoval, each of which has been pursuing claims in individual arbitration, and will be filing separate requests for dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), once underlying settlements are compete.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and Defendant, through their respective counsel, subject to this Court's approval and finding of good cause, that:

    (1)    The individual claims of Plaintiffs David Azizpor, Artemio Angel, Daniel West, Edward Shubin, Robert Gregory, Alexandria Blackwell, Bryant Hernandez, Charlene Cannon, Lisa Leon, and Natalie Sandoval shall remain stayed;

(2)     The individual claims of Plaintiffs Bluhm, Rodriguez, and Greimann, including their individual claims brought pursuant to the Fair Labor Standards Act, are dismissed *with* prejudice, and without prejudice as to the rights of any other current or former Lowe's employees, pursuant to the terms of the settlement attached hereto as **Exhibit A**;

(3)     All active claims asserted in this action are dismissed in their entirety pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

**IT IS SO STIPULATED.**

DATED:  December 20, 2024

GIBSON, DUNN & CRUTCHER LLP
MICHELE L. MARYOTT
KATHERINE V.A. SMITH
JOSEPH R. ROSE
KATIE M. MAGALLANES


By: */s/ Katie M. Magallanes*
        Katie M. Magallanes

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

DATED:  December 20, 2024

SCHNEIDER WALLACE COTTRELL
KONECKY LLP
CAROLYN H. COTTRELL
ORI EDELSTEIN


By: */s/ Ori Edelstein*
        Ori Edelstein

Attorneys for Plaintiffs and all others
similarly situated

# **SIGNATURE OF CERTIFICATION**

Pursuant Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the contents of this document are acceptable to counsel for Plaintiffs, and that I have obtained all necessary authorizations to affix Plaintiffs' counsel's electronic signature to the document.

Dated:  December 20, 2024

       */s/ Katie M. Magallanes*
       Katie M. Magallanes

Gibson, Dunn & Crutcher LLP

CASE NO. 3:23-CV-00452-LL-MMP

# EXHIBIT A

GIBSON, DUNN & CRUTCHER LLP
MICHELE L. MARYOTT, SBN 191993
    MMaryott@gibsondunn.com
KATIE M. MAGALLANES, SBN 300277
    KMagallanes@gibsondunn.com
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

GIBSON, DUNN & CRUTCHER LLP
KATHERINE V.A. SMITH, SBN 247866
    KSmith@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

GIBSON, DUNN & CRUTCHER LLP
JOSEPH R. ROSE, SBN 279092
    JRose@gibsondunn.com
One Embarcadero Center
Suite 2600
San Francisco, California 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID AZIZPOR et al., | CASE NO. 3:23-cv-00452-LL-DDL |
| Plaintiffs, | [*Consolidated with* 3:23-cv-00461-LL-DDL] |
| v. | **SETTLEMENT AGREEMENT** |
| LOWE'S HOME CENTERS, LLC, a North Carolina corporation; and DOES 1-50 inclusive, | Date Action Filed: January 6, 2023 |
| Defendant. | |

Gibson, Dunn &
Crutcher LLP

In consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, Lowe's and Plaintiffs hereto agree to a full and complete settlement of the Action and on the following terms and conditions.

## 1.    DEFINITIONS

As used in all parts of this Agreement, the following terms have the meanings set out below:

**1.1.    Actions.** "Actions" means *Azizpor, et al. v. Lowe's Home Centers, LLC*, Case No. 3:23-cv-00452-LL-DDL, and *Rodriguez, et al. v. Lowe's Home Centers, LLC*, 3:23-cv-00453-MMC (N.D. Cal.), which was consolidated with this Action on June 9, 2023.

**1.2.    Agreement.** "Agreement" means this Settlement Agreement, and all exhibits and attachments hereto.

**1.3.    Blackwell Action.** "*Blackwell* Action" means *Blackwell, et al. v. Lowe's Home Centers, LLC*, Superior Court for the County of Alameda, Case No. 23CV033334, coordinated as part of the Coordinated PAGA Cases.

**1.4.    Coordinated PAGA Cases.** "Coordinated PAGA Cases" means the actions comprising California Judicial Council Coordination Proceeding (JCCP) No. 5110, titled the Lowe's Wage and Hour Cases, individually and collectively.

**1.5.    Court.** "Court" means the United States District Court for the Southern District of California.

**1.7.    Final Court Approval Order.** "Final Court Approval Order" means a final order issued by the Court approving the Agreement.

**1.8.    FLSA.** "FLSA" means the Fair Labor Standards Act.

**1.9.    Individual Settlement Amount.** "Individual Settlement Amount" means the gross amount paid to a Plaintiff, prior to any applicable tax withholdings or deductions.

**1.10.    Lowe's.** "Lowe's" means Lowe's Companies, Inc. and Lowe's Home Centers,

LLC.

**1.11. Lowe's Counsel.** "Lowe's Counsel" means Gibson, Dunn & Crutcher LLP.

**1.12. Lowe's Releasees.** "Lowe's Releasees" means Lowe's and its affiliates, representatives, employees, officers, directors, shareholders, partners, joint venturers, parent companies, subsidiaries, heirs, agents, attorneys, predecessors, successors, assignees, insurers and reinsurers, and their respective successors and predecessors in interest, and anyone acting on any of their behalf.

**1.13. Plaintiffs.** "Plaintiffs" means Ronald Bluhm, Eric Greimann, and Juan Rodriguez. Each will be referred to in the singular as Plaintiff.

**1.14. Parties.** "Parties" means Lowe's and Plaintiffs.

**1.15. Plaintiffs' Counsel.** "Plaintiffs' Counsel" means Schneider Wallace Cottrell Konecky LLP.

**1.16. Putative State Law Class Claims.** "Putative State Law Class Claims" means the state law claims in the Actions and the Rule 23 class action allegations alleged by Plaintiffs on behalf of unnamed putative class members pursuant to Federal Rule of Civil Procedure 23.

## 2.    GENERAL SETTLEMENT TERMS

**2.1. Acknowledgement of Settlement; No Admission of Liability.** Plaintiffs acknowledge and agree that this Agreement is a compromise and settlement of disputed claims and that neither the execution nor the terms hereof may be construed as an admission of liability on Lowe's part with respect to any disputed matter, such liability being expressly denied.

**2.2. Releases and Dismissals.**

(a)    **Releases.** As more fully described in Section 3, to the extent allowed by law, each Plaintiff releases his or her claims based on or reasonably related to the claims asserted in the Action under the FLSA and the laws of the state(s) in which he or she worked for Lowe's; and any individual PAGA claim asserted in the *Blackwell* Action. Each Plaintiff further generally

releases his or her claims against the Lowe's Releasees.

(b)  **Dismissal of Individual Claims.**  Each Plaintiff agrees to dismiss *with prejudice* his or her individual claims pending before the Court.  As a result, the FLSA component of the *Azizpor* Action will be dismissed *with prejudice*.

(c)  **Dismissal of Class Claims.**  In addition to their individual claims, Plaintiffs agree to dismiss *without prejudice* the Putative State Law Class Claims they have brought under Federal Rule of Civil Procedure 23.  No payments will be made to unnamed members of those putative classes under this Agreement.  As a result, the Rule 23 Class Action Allegations and the state-law component of the *Azizpor* Action will be dismissed *with prejudice* as to each Plaintiff's claims, and *without prejudice* as to the putative class claims.

(d)  **Dismissal of PAGA Claims.**  To the extent their claims have not already been dismissed from the *Blackwell* Action, each Plaintiff agrees to dismiss *with prejudice* his or her individual PAGA claim asserted in the *Blackwell* Action and dismiss *without prejudice* any non-individual PAGA claim asserted in the *Blackwell* Action.  By executing this Agreement, each Plaintiff expressly acknowledges that, subject to the provisions outlined in Paragraph 3.5, they are not "aggrieved employees" under PAGA.

**2.3.  Individual Settlement Amounts.**

(a)  Lowe's will pay the following settlement amounts to each Plaintiff.  Lowe's will also pay applicable employer side payroll taxes on the portions of the Individual Settlement Amounts that are designated as wages.

| Plaintiff | Individual Settlement Amount | Attorneys' Fees and Costs Amount |
|---|---|---|
| Ronald Bluhm | $10,957.23 | $32,871.66 |
| Eric Greimann | $11,792.23 | $35,376.66 |
| Juan Rodriguez | $15,497.23 | $46,491.66 |

(b)  The Individual Settlement Amount for each Plaintiff shall be allocated as

Gibson, Dunn & Crutcher LLP

follows:  (x) twenty five percent (25%) as wages, for which Lowe's will issue IRS Form W-2s and any similar required state tax forms; and (y) seventy five percent (75%) as non-wages, penalties and/or interest, for which Lowe's will issue IRS Form 1099s and any similar required state tax forms.

(c)    Lowe's will pay the attorney's fees and costs identified in Section 2.3(a) directly to Schneider Wallace Cottrell Konecky LLP, for which Lowe's will issue a Form 1099 to both Schneider Wallace Cottrell Konecky LLP and Plaintiffs.  The amount of attorney's fees and costs to be paid is a material term of this agreement and should the Court fail to approve the amounts requested, the Parties shall meet and confer to resolve the Court's concerns and resubmit the Agreement for Approval, but in no event will Lowe's be required to pay any attorneys' fees and costs in excess of the amounts identified in Section 2.3(a).  Denial of the requested attorneys' fees and costs amount is not a basis for voiding, rescinding, or terminating this Agreement and the Parties agree to reach a compromise, as needed, to obtain the Court's approval of this Agreement.   Except as provided expressly herein, the Parties shall bear their own fees and costs (including, but not limited to, attorneys' fees) incurred in connection with the Actions.

## 3.    RELEASES

**3.1.    Putative State Law Class Claims.**  The Parties do not seek certification of a settlement class under Federal Rule of Civil Procedure 23(e).  Plaintiffs will each dismiss their pending Putative State Law Class Claims *without prejudice*, and their respective individual state law claims *with prejudice*, resulting in dismissal of each state-law action in its entirety.

**3.2.    Release of FLSA Claims by Plaintiffs.**  Plaintiffs each agree to fully and forever discharge and release each and every one of the Lowe's Releasees from any and all claims, actions, demands, causes of action, suits, debts, obligations, damages,

rights or liabilities, of any nature and description whatsoever, that (x) accrued between January 6, 2020, and January 6, 2023, and (y) are based on or reasonably related to the claims asserted in the Action, and specifically for unpaid wages (including claims for regular wages, overtime, regular rate calculations, and gap time) under the FLSA and under laws of the state(s) in which they worked for Lowe's.  For the avoidance of doubt, these releases include any and all claims for and rights to economic damages, non-economic damages, restitution, penalties, liquidated damages, and attorneys' fees or costs.

**3.3.    General Release of Claims by Plaintiffs.**

(a)    In addition to the releases in Paragraph 3.2, Plaintiffs agree to fully and forever discharge and release the Lowe's Releasees from any and all claims that they have or may have against Lowe's, whether known or unknown, including, but not limited to, all claims that were or could have been asserted in the Action.  This includes, but is not limited to, any claims for wages (including, but not limited to, overtime, gap time, straight time, and the calculation of the regular rate of pay), bonuses, employment benefits (including claims under continuing employee benefit plans or claims under the Employee Retirement Income Security Act of 1974 (ERISA)), stock options, restricted stock units, any other stock purchase plans of Lowe's subsidiaries or affiliates, or damages of any kind whatsoever, arising out of any common law torts, any contracts, express or implied, any covenant of good faith and fair dealing, express or implied, any theory of wrongful discharge, any theory of negligence, any theory of retaliation, any theory of discrimination or harassment in any form, any legal restriction on Lowe's right to terminate employees, or any federal, state, or other governmental statute, regulation or ordinance, including, without limitation, the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, the Equal Pay

Act, the National Labor Relations Act, the Consumer Protection Act, Sections 1981 through 1988 of Title 42 of the United States Code, Executive Order 11246, the FLSA, the Immigration Reform Control Act, the Occupational Safety and Health Act, or any other statutory or common law limitation or regulation of the employment relationship of federal, state, or other government law. For the avoidance of doubt, the released claims include any and all claims for and rights to economic damages, non-economic damages, restitution, penalties, liquidated damages, and attorneys' fees or costs.

(b)    Plaintiffs shall not be prohibited from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the National Labor Relations Board ("NLRB"), or from exercising rights under Section 7 of the National Labor Relations Act ("NLRA"). In addition, Plaintiffs shall not be prohibited from filing a charge or complaint with, or from participating in an investigation or proceeding conducted by, the Occupational Health and Safety Administration ("OSHA"), the Equal Employment Opportunity Commission ("EEOC"), or any other federal, state, or local agency charged with law enforcement. In addition, nothing in this Agreement is intended to or shall prevent, impede, or interfere with Plaintiffs' non-waivable rights, without prior notice to Lowe's, to provide information to the government or engage in any other future activity protected under whistleblower statutes, or to receive and fully retain a monetary award from a government-administered whistleblower award program for providing information directly to a government agency. However, by agreeing to this Agreement, Plaintiffs are waiving any right to individual relief based on claims asserted in such a charge or complaint, except where such a waiver of individual relief is prohibited. Plaintiffs hereby release and forever waive any private right to sue, and any

Gibson, Dunn &
Crutcher LLP

associated applicable remedies which may be issued by any federal, state, or local agency.

(c)  If it is determined that any claim covered by this general release of claims cannot be waived as a matter of law, Plaintiffs expressly agree that this general release of claims will nevertheless remain valid and fully enforceable as to the remaining released claims.

**3.4.  Section 1542 Waiver.**  Plaintiffs expressly waive any and all rights under Section 1542 of the California Civil Code and any law of the United States or of any state or territory of the United States or of any other relevant jurisdiction, or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code, which reads in full as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Plaintiffs acknowledge that they have separately bargained for the foregoing waiver of Section 1542.

The Parties intend that the provisions regarding the disputes released in this Agreement be construed as broadly as possible and incorporate similar federal, state, or other laws, all of which are similarly waived.

**3.5.  Agreement Regarding the Coordinated PAGA Cases.**  Plaintiffs expressly, voluntarily, and intentionally release and waive any right that they may have to contest (and agree not to contest) any settlement reached in the Coordinated PAGA Cases, including, but not limited to, purporting to object to any such

Gibson, Dunn & Crutcher LLP

settlement and/or filing any appeal relating to any such settlement. Nothing in this Agreement shall preclude Plaintiffs from accepting additional payment from Lowe's in the event that such payment is sent in connection with final resolution of the Coordinated PAGA Cases.

**3.6.** **Certain Claims Not Released.** The Parties agree and acknowledge that the releases in this Agreement do not waive claims that: (i) may arise after this Agreement is executed, including claims arising under the Age Discrimination in Employment Act; or (ii) cannot lawfully be released in a settlement approved by a court.

**3.7.** **Other Actions.** Plaintiffs represent that, other than in connection with the Actions, they have not filed or authorized the filing of any complaints, charges, or claims with any court or administrative agency against Lowe's or any of the Lowe's Releasees, including under PAGA. Plaintiffs further agree that if any administrative agency, court, or other tribunal maintains or assumes jurisdiction of any charge, complaint, or claim against any of the Lowe's Releasees on their behalf, Plaintiffs will promptly request that the agency, court, or other tribunal dismiss or withdraw from the matter and disclaim any right to recover any sums in connection with any such charge, complaint, or claim pursued on Plaintiffs' behalf. Plaintiffs covenant that they will not participate in any other legal actions against the Lowe's Releasees for claims released pursuant to this Agreement, and will not opt-in, will withdraw any existing opt-in, and will dismiss any such action or themselves from any such actions.

## 4. COURT ACTIONS AND APPROVALS

**4.1.** **Approval.** To the extent any portion of this Agreement requires court approval, the Parties agree to first submit a stipulation and order to the requisite Court for approval, and if it becomes necessary will submit a motion for approval. The Parties and their counsel agree to fully cooperate with one another to accomplish dismissal of the Actions, including but not limited to, executing such documents

and taking such other actions as may be reasonably necessary to implement the terms of this Agreement, including any other efforts that may become necessary or are ordered by the Court.

**4.2.    Non-Applicability of Rule 23(e).**    Plaintiffs agree that they are not seeking certification of any classes under Federal Rule of Civil Procedure 23, including of any settlement class pursuant to Federal Rule of Civil Procedure 23(e).  Rather, Plaintiffs agree to dismiss their pending Putative State Law Class Claims without any ruling on certification under Federal Rule of Civil Procedure 23.

**4.3.    Dismissals.**    To the extent the Action is not dismissed by the Final Court Approval Order or other Court order, Plaintiffs agree that upon issuance of the Final Court Approval Order, they will promptly dismiss their claims and actions pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  Individual claims will be dismissed *with prejudice*, and the Putative State Law Class Claims will be dismissed *without prejudice*.  To the extent their claims have not already been dismissed from the *Blackwell* Action, within thirty (30) days of the issuance of the Final Court Approval Order or other Court order, the Plaintiffs further agree to dismiss any individual PAGA claims in the *Blackwell* Action *with prejudice*, and any non-individual PAGA claims in the *Blackwell* Action *without prejudice*. By executing this Agreement, Plaintiffs expressly acknowledge that they are not "aggrieved employees" under PAGA.

## 5.    <u>SETTLEMENT PAYMENT</u>

**5.1.    Timing of Payments by Lowe's.**  Subject to the conditions outlined in Paragraph 5.3, Lowe's payment of the Individual Settlement Amounts to Plaintiffs and payment of attorneys' fees and costs will be issued no later than thirty (30) days after all of the following conditions have been met:  (i) the issuance of the Final Court Approval Order, (ii) receipt of each Plaintiff's signed W-9 and W-4 tax forms and receipt of Plaintiffs' Counsel's tax forms, and (iii) dismissal of the Actions *with prejudice* as to each Plaintiff's individual claims.

Gibson, Dunn &
Crutcher LLP

Docusign Envelope ID: D9D9693B-AEE6-4311-8E18-E6124DAFDDAB

**5.2.** **Tax Forms.** Lowe's will cause to be timely and properly filed and issued all tax returns and tax forms, if any, necessary with respect to the Individual Settlement Amounts and attorneys' fees and costs, and any and all payments therefrom.

**5.3.** **Tax Liability.** Lowe's and Plaintiffs' Counsel make no representations or warranties with regard to the tax consequences of the payments of the Individual Settlement Amounts. If a government taxing authority determines that any federal, state, or local taxes on those payments or any penalties or assessments thereon are due, the recipient of the corresponding payment is solely responsible for satisfying such amount due.

## 6. **ADDITIONAL PROVISIONS**

**6.1.** **Cooperation.** The Parties and their counsel agree to fully cooperate with one another to accomplish the terms of this Agreement, including but not limited to, executing such documents and taking such other actions as may be reasonably necessary to implement the terms of this Agreement, including all efforts contemplated by this Agreement and any other efforts that may become necessary or are ordered by the Court.

**6.2.** **Non-Entry of Final Approval Order; Failure to Dismiss.** If for any reason the Court does not enter a Final Court Approval Order, an individual claim is not dismissed, or if this Agreement is lawfully terminated for any other reason, Lowe's reserves all of its defenses, rights, and remedies applicable to the remaining claim(s), including, but not limited to, opposing certification of the FLSA collective, opposing certification under Federal Rule of Civil Procedure 23, moving to dismiss, moving for summary judgment, defending at a trial, filing motions, and pursuing appeals. Likewise, Plaintiffs reserve all of their rights to assert their claims and seek all appropriate remedies. Under such circumstances, Lowe's and Plaintiffs' Counsel shall not cite to or use this Agreement in any other judicial, administrative, or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural.

Gibson, Dunn & Crutcher LLP

11    CASE NO. 3:23-CV-00452-LL-DDL

**6.3.**    **Confidentiality of Agreement.**  The Parties shall not disclose the terms of this settlement publicly until seeking approval by the Court.

**6.4.**    **Governing Law.**  This Agreement shall be governed by and construed in accordance with the laws of the State of California without regard to conflict of laws principles thereof.

**6.5.**    **Consent to Continuing Jurisdiction and Forum Selection.**

(a)    The Court retains jurisdiction after entry of the Final Court Approval Order with respect to the interpretation, implementation, and enforcement of the terms of this Agreement, and all orders and judgments entered in connection therewith.  The Court is the exclusive venue for such actions.

(b)    The Parties acknowledge and agree that any action or proceeding arising in connection with this Agreement shall be resolved exclusively as provided in this Paragraph 6.5.  The aforementioned choices of jurisdiction and venue are intended by the Parties to be mandatory and not permissive in nature, thereby precluding the possibility of litigation or arbitration between the Parties with respect to or arising out of this Agreement in any jurisdiction or venue other than the applicable ones specified in this Paragraph.

**6.6.**    **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties and supersedes any and all other agreements, understandings, negotiations, or discussions, whether oral or in writing, express or implied, between or among the Parties.  The Parties acknowledge that no other representations, inducements, promises, agreements, or warranties have been made to them or by them, or by anyone acting on their behalf, which are not embodied in this Agreement, that they have not executed this Agreement in reliance upon any such representation, inducement, promise, agreement, or warranty, and that no subsequent representation, inducement, promise, agreement, or warranty not contained in this Agreement, including, but not limited to, any purported supplements,

modifications, waivers, or terminations of this Agreement, shall be valid or binding unless executed in writing by each of the Parties to this Agreement.

**6.7.    Materials Designated Confidential.**  Notwithstanding Paragraph 6.6, the Parties and their counsel remain bound by all protective orders and confidentiality designations made thereunder in the Actions.  The Parties and their counsel will return and/or destroy all covered materials upon dismissal of the Actions consistent with the terms of those orders.

**6.8.    Agreement to Be Construed Fairly.**  This Agreement is to be construed fairly and not in favor of or against any Party, regardless of who drafted or participated in the drafting of its terms.  Any rule of construction that a document is to be construed against the drafting party shall not be applicable to this Agreement.

**6.9.    No Assignment.**  Each of the Parties to the Agreement represents and warrants that there has been no assignment or other transfer of any interest in the claims which he, she, or it has or may have that are being released herein, and each Party owns all claims, demands, and causes of action which it releases by this Agreement, which release is free and clear from all liens, claims, and encumbrances.  Each Party shall hold harmless the other from any liability, claims, demands, damages, costs, expenses, and reasonable outside attorneys' fees incurred by the defending Party as a result of any such assignment or transfer contrary to the foregoing representation.

**6.10.    Authority to Enter into Agreement.**  Each of the Parties represents and warrants that any person executing this Agreement on his, her, or its behalf has the full right and authority to enter into this Agreement on behalf of said Party, and has the full right and authority to execute this Agreement and to fully bind that Party to the terms and obligations of this Agreement.  Each of the persons signing this Agreement on behalf of the Parties hereto makes the same warranties referred to herein.

**6.11.    Successors and Assigns.**  The terms of this Agreement shall be binding upon the

Parties and their agents, attorneys, employees, successors, assigns, and insurers.

**6.12. Non-Disparagement.**  Plaintiffs agree that they will not disparage Lowe's, its work, services, or personnel, and that Plaintiffs will not criticize or demean Lowe's, its work, services, or personnel, in communications with any persons. This agreement does not extend to statements that may be required in providing testimony pursuant to a lawfully issued and served subpoena to testify at a deposition, trial, arbitration, or administrative proceeding, or as otherwise required by law.  Nothing in this provision prevents or is intended to prevent or restrict Plaintiffs' rights to provide truthful information to government authorities, to disclose or discuss truthful information about unlawful acts in the workplace, such as harassment or discrimination or any other conduct that Plaintiffs have reason to believe is unlawful, or to exercise their rights under Section 7 of the National Labor Relations Act, or the disclosure of factual information covered by California Code of Civil Procedure section 1001.

**6.13. Neutral Reference.**  Lowe's agrees that any prospective employers will only be given information concerning Plaintiffs through Lowe's third-party vendor, The Work Number (at 1-800-367-2884, Company Code 11116), which in turn, will provide a neutral verification of Plaintiffs' employment with Lowe's, consisting only of Plaintiffs' dates of employment and job title.

**6.14. Headings.**   The various headings used in this Agreement are inserted for convenience only and shall not affect the meaning or interpretation of the Agreement or any provision of it.

**6.15. Severability.**   If any word, clause, phrase, sentence, or paragraph of this Agreement is declared void or unenforceable, such portion shall be considered independent of, and severable from, the remainder, the validity of which shall remain unaffected.

**6.16. Signatures.**   Facsimile and electronic signatures shall be deemed original signatures for all purposes and shall be binding upon the party whose counsel

Gibson, Dunn &
Crutcher LLP

transmits the signature page by facsimile or email. The Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

**6.17. Effective Date.** Notwithstanding any provision that requires action by the Court or any other non-Party, this Agreement is effective, subject to the conditions outlined in Paragraph 6.18, when it has been signed by Lowe's, Lowe's Counsel, Plaintiffs' Counsel on their own behalf, and Plaintiffs.

**6.18. Additional Acknowledgements.** Plaintiffs understand that they may execute this Agreement at any time within twenty-one (21) days of receiving it (unless extended by Lowe's). However, Plaintiffs may, in their discretion, sign this Agreement before the expiration of that twenty-one (21) day period. Plaintiffs further understand that this Agreement waives rights or claims which may be waived by law in exchange for consideration that is not otherwise due to them, including potential claims and rights under the Age Discrimination in Employment Act, and as otherwise described in this Agreement. Plaintiffs further understand that they may revoke the waiver and release of claims in this Agreement in writing within seven (7) days of signing this Agreement, in which case no Plaintiff will receive the amounts or benefits provided for under this Agreement and the Agreement will not go into effect. Any revocation must be sent in writing via email and received by counsel for Lowe's (JRose@gibsondunn.com) before close of business on the seventh (7th) day after this Agreement is signed by each Plaintiff. The Agreement becomes effective upon passage of that deadline without receipt of a valid revocation, subject to the approval of the Court. To revoke, contact Joseph Rose, Gibson, Dunn & Crutcher LLP, via email at jrose@gibsondunn.com.

<<remainder of page intentionally blank>>

**SIGNED AND AGREED TO:**

**Lowe's:**

Dated: _12/20/2024_ _____    _Reece G. Roberson_ _____

                                    Signature

                                    Reece G. Roberson
                                    _____

                                    Print Name

**Plaintiffs:**

Dated: _12 / 18 / 2024_ _____    _EG_ _____

                                    Signature

                                    Eric Greimann
                                    _____

                                    Print Name

Dated: _____    _____

                                    Signature

                                    _____

                                    Print Name

Dated: _____    _____

                                    Signature

                                    _____

                                    Print Name

**Plaintiffs' Counsel:**

Dated: _____    _____

                                    Signature

                                    _____

                                    Print Name

**Lowe's Counsel:**

Dated: _20-Dec-2024 | 5:55 PM GMT_    Signed by: _Joseph Rose_
                                    F15788A46CD44A8...

                                    Signature

                                    _____

                                    Print Name

Gibson, Dunn &
Crutcher LLP

1   **SIGNED AND AGREED TO:**

2   **Lowe's:**

3   Dated: _____    _____

4                                Signature

5                                _____

6                                Print Name

    **Plaintiffs:**

7   Dated: _____    _____

8                                Signature

9                                _____

10                               Print Name

11  Dated: 12 / 18 / 2024        _____

12                               Signature

13                               Juan Rodriguez
                                 _____
14                               Print Name

15  Dated: _____     _____

16                               Signature

17                               _____

18                               Print Name

19  **Plaintiffs' Counsel:**

20  Dated:_____       _____

21                                Signature

22                                _____

23                                Print Name

24  **Lowe's Counsel:**

25  Dated: _____     _____

26                                Signature

27                                _____

28                                Print Name

Gibson, Dunn &
Crutcher LLP

1  **SIGNED AND AGREED TO:**

2  **Lowe's:**

3  Dated: _____    _____
                                       Signature
4

5                                      _____
                                       Print Name
6

   **Plaintiffs:**
7
   Dated: _____    _____
8                                      Signature

9                                      _____
10                                     Print Name

11

12 Dated: _____    _____
                                       Signature
13

14                                     _____
                                       Print Name
15
   Dated: 12 / 18 / 2024
16                                     _____
                                       Signature
17
                                       Ronald Bluhm
18                                     _____
                                       Print Name
19
   **Plaintiffs' Counsel:**
20
   Dated: _____    _____
21                                     Signature

22                                     _____
23                                     Print Name

   **Lowe's Counsel:**
24
   Dated: _____    _____
25                                     Signature

26                                     _____
27                                     Print Name

28

Gibson, Dunn & Crutcher LLP

1  **SIGNED AND AGREED TO:**

2  **Lowe's:**

3  Dated: _____          _____
                                     Signature
4

5                                    _____
                                     Print Name
6  **Plaintiffs:**

7  Dated: _____          _____
                                     Signature
8

9                                    _____
10                                   Print Name

11
   Dated: _____          _____
12                                   Signature

13

14                                   _____
                                     Print Name
15

16 Dated: _____          _____
                                     Signature
17

18                                   _____
                                     Print Name
19 **Plaintiffs' Counsel:**

20 Dated: December 19, 2024           _____
                                     Signature
21

22                                   Carolyn H. Cottrell
                                     _____
23                                   Print Name

24 **Lowe's Counsel:**

25 Dated: _____          _____
                                     Signature
26

27                                   _____
                                     Print Name
28